MARY B. WILLIAMS *v.* SOUTHERN RAILWAY COMPANY.

[59 South. 850.]

1. RAILROADS. *Waiting rooms. Common law obligations. Statutory obligations. Passengers. Liability. Code* 1906, *section* 4867.

   The common law, in the absence of any statute, requires all common carriers of passengers to keep their waiting rooms open and comfortably heated for a reasonable time before and after the arrival and departure of all trains, and for the courts to determine what is a reasonable time it is necessary to know all the facts.

2. CARRIERS. *Maintenance of waiting room. Code* 1907, *section* 4867.

   Code 1906, section 4867 fixes the minimum time for which carriers must keep their waiting rooms open and comfortable for passengers, but such minimum time fixed by this statute can never be used to bar a recovery in any case brought by an individual against a railroad, where the facts show that the

company should have kept the rooms open and comfortable for a longer period of time.

3. SAME.

Code 1906, section 4867, was not intended to apply to union stations at all, insofar as the minimum time may be taken as a guidance to the jury in arriving at what is a reasonable time, and where the schedules of the different roads entering the union station are such that a passenger in order to change from one road to another may be compelled to wait a long time, the jury must consider the facts and determine whether the companies maintaining the union depot or either of them were negligent in failing to keep the rooms comfortable for a reasonable time for a passenger entering the station on one road with a view of leaving by another.

4. SAME.

Where two railroads maintain a union depot the agent in charge is the agent of both companies so long as a passenger debarking from one road rightfully remains in the waiting room to take passage on the connecting road, and where such passenger was injured by the failure to keep the waiting room open and in a comfortable condition for a reasonable time he could recover for such damage from either or both of said roads.

5. CONTRIBUTORY NEGLIGENCE. *Instructions. Error.*

Where there is no question of contributory negligence involved in a case it is error and prejudicial to plaintiff for the court to grant an instruction for the defendant submitting to the jury the doctrine of contributory negligence.

APPEAL from the circuit court of Sunflower county. HON. J. C. WARD, Special Judge.

Suit by Mary B. Williams against the Southern Railway Company. From a judgment granting insufficient relief, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Chapman & Williams,* for appellant.

*Catchings & Catchings,* for appellee.

No brief of counsel on either side found in the record.

COOK, J., delivered the opinion of the court.

Mrs. Mary B. Williams, appellant, took passage on the passenger train of the Yazoo & Mississippi Valley Railroad Company at Shaw, for the purpose of going to Elizabeth, and from there to Indianola. Elizabeth is a junction point between the Yazoo & Mississippi Valley Railroad and the Southern Railway Company, appellee. These two railroads have a union station and a joint agent at Elizabeth, and the waiting rooms for the passengers of either and both roads are the same. The day on which the alleged injury for which this suit was instituted occurred was an unusually cold day, and when appellant arrived at Elizabeth she says she found the panes in the windows of the waiting room broken out and the door open, and could not be closed, and the room was entirely unheated; that she had to and did remain in this room for two hours before the arrival of the train of the Southern Railway. Mrs. Williams contracted a severe cold, which manifested itself immediately after this exposure, and she suffered great discomfort and physical suffering during her enforced occupancy of the waiting room. The court submitted the case to the jury with instructions, the correctness of which is challenged, and the jury returned a verdict in favor of appellant for one hundred dollars. If what Mrs. Williams said about the conditions surrounding her while she was waiting for her train is true, and there is practically nothing in the record to contradict her story, the small sum given her by the jury suggests that something went wrong in the trial, and appellant points out to this court what she insists will account for the small compensation allowed her by the jury, in the law announced for the jury's guidance by the trial judge.

In order to make clear our views of the law applicable to the facts of the present case, and to differentiate it from any of the cases cited by appellee, it is necessary to keep in mind that the station at Elizabeth was a union station, and all of the business of both companies

was intrusted to one and the same man. The passengers of the Yazoo & Mississippi Valley going north and south, and the passengers of the appellee going east and west, who desired to transfer at this point from the one road to the other, were invited by each of these companies to await the arrival of their train in the joint waiting room of the two. It is unnecessary to cite authorities for the statement that the common law, in the absence of any statute, requires all common carriers of passengers to keep their waiting rooms open and comfortably heated for a reasonable time before and after the arrival and departure of all trains, and, for the courts to determine what is a reasonable time, it is important to know all of the facts and circumstances going to make up the case to be decided.

The trial court applied section 4867 of the Code of 1906 to this case, and fixed one hour as the maximum time for which the railroad company is required to keep its waiting rooms open and heated before the arrival of trains, and also assumed that the Yazoo & Mississippi Valley Company, and not the defendant company, was liable for the half hour which elapsed between the time Mrs. Williams arrived at the station and one hour before the arrival of the Southern train en route to Indianola, the ultimate destination of appellant. Stated differently, the court, by its instructions, held that, when appellant arrived at Elizabeth from Shaw, it was one hour and a half before the arrival of the Southern train bound for Indianola, and that the Valley Company, and not the appellee, owed her the duty to make her comfortable for one-half hour after the departure of its train, and that the appellee company owed her no duty, except for one hour before the arrival of its train. It followed from this construction of the statute, and from its application to the present case, that all of appellant's discomfort, suffering, and disease, attributable to the stay in the waiting room for the first half hour, must be

charged to the road which brought her to Elizabeth, and credited, in the general apportioning of burdens, to the appellee road. This is the law which the court did give to the jury.

We think that the trial court's interpretation of the statute was erroneous. The statute fixes ''at least one hour before the arrival,'' and the penalty is recoverable if the company falls short of this time. We think, however, that section 4867 has no application to the facts of the present case. The minimum time fixed in this statute can never be used to bar a recovery in any case brought by an individual against a railroad, where the facts show that the company should have kept the rooms. open and comfortable for a longer period of time. The Supreme Court of Texas, construing the statute of that state, very similar to ours, took the view announced by us. *Railroad Co.* v. *Cornelius,* 10 Tex. Civ. App. 125, 30 S. W. 720. The old maxim, ''Circumstances alter cases,'' applies here.

We think the statute was not intended to apply to union stations at all, in so far as the minimum time may be taken as a guidance to the jury in arriving at what is. a reasonable time. The schedules of the road running north and south and the schedules of the road running: east and west are so entirely different, and the time when passengers of either road may be compelled to wait at the union station vary so widely (or may vary so widely), that the statute cannot be made to apply at all. The jury should take into consideration that the discomfort and suffering of plaintiff below, if any, was endured at the joint station of the two companies, and from all the facts. of the case, whether both companies, or one of the companies, were negligent in failing to keep the fires burning on this bitter cold day. It is difficult to adopt any rule by which the court could determine when the joint agent acting for the Yazoo & Mississippi Valley owed a duty to the plaintiff, and when the Southern Railway could be

charged with neglect of its duty to the plaintiff as its passenger; but we think the only logical solution of this difficulty is to treat the agent as the joint agent of both companies so long as the passenger rightfully remained in the waiting room to take passage on the connecting road, and that a passenger arriving at the station on the Yazoo & Mississippi Valley train to there await the arrival of the train of the Southern Railway must be entitled to the protection and care of both companies. To this statement of the rule may be added this: There must be some reasonable limit to the time which the passenger may remain in the waiting room, which limit may be submitted to the jury under proper instructions. Of course, passengers are not allowed to make a hotel out of the waiting rooms of union stations; but what may be or may not be a reasonable time must be decided in the light of all the facts of each case arising.

It is true the plaintiff in the present case might have instituted a suit against both roads. Nevertheless the jury might render a verdict against either road for all the damages she may have suffered as a consequence of being compelled to spend two hours, on a day like the one she described, in a room open to the rigors of the elements and entirely unheated.

It is contended by defendant below, as the plaintiff accepted and used the modified instructions, she cannot now complain of the error of law. The answer to this contention is that plaintiff requested the court to instruct the jury properly, which the court refused to do, and this instruction was not used by plaintiff, and stands in the record as refused.

It was clearly erroneous for the court to give an instruction, at the request of defendant below, submitting to the jury the doctrine of contributory negligence. There is no question of contributory negligence involved in this case, and the instruction was prejudicial to plaintiff.

*Reversed and remanded.*